IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|                                       |   |                          |
|---------------------------------------|---|--------------------------|
| MAEDELL PRICE,                        | § |                          |
|                                       | § |                          |
| Plaintiff,                            | § |                          |
|                                       | § |                          |
| VS.                                   | § | CIVIL ACTION H-10-4844   |
|                                       | § |                          |
| CERTAIN UNDERWRITERS AT LLOYDS,       | § |                          |
| LONDON,                               | § |                          |
|                                       | § |                          |
| Defendant.                            | § |                          |

**OPINION AND ORDER OF ABATEMENT**

Pending before the Court in the above referenced action arising out of an insurance dispute is a Plea in Abatement (instrument #6) filed by ACE European Group Limited ("ACE"), incorrectly sued here as "Certain Underwriters at Lloyds, London."

ACE asserts that Plaintiff Maedell Priced failed to satisfy the notice requirement of Section 541.154 of the Texas Insurance Code to give it sixty days' notice of its suit.

Under Section 541.154(a) of the Texas Insurance Code, a person seeking damages in a lawsuit "against another person under this subchapter must provide written notice to the other person not later than the 61st day before the action is filed." Tex. Ins. Code § 541.154(a). That written notice must "advise the other person of . . . "the specific complaint" and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." *Id.*, § 541.154(b).

The plaintiff need not comply if "giving notice is impracticable because the action . . . must be filed too prevent the statute of limitations from expiring . . . or . . . is asserted as a counterclaim." *Id.*, § 541.154(c).

Under § 541.155 of the Texas Insurance Code,

(a) A person against whom an action under this subchapter is pending who does not receive the notice as required by Section 541.154 may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the action is pending.

(b) That court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154.

(c) An action is automatically abated without a court order beginning on the 11th day after the date a plea in abatement is filed if the plea:

    (1) is verified and alleges that the person against whom the action is pending did not receive the notice as required by Section 541.154; and

    (2) is not controverted by an affidavit filed by the claimant before the 11th day after the date the pleas in abatement is filed.

(d) An abatement under this section continues until the 60th day after the date notice is provided in compliance with Section 541.154.

(e) This section does not apply if Section 541.154(c) applies.

The purpose of the sixty-day notice obligation is to "'discourage litigation and encourage settlements of consumer complaints.'" *Hines v. Hash*, 843 S.W. 2d 463, 469 (Tex. 1985),

quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W. 2d 239, 242 (Tex. 1985).

Thus if the plaintiff fails to provide the requisite written notice or its notice is insufficient to meet the contents requirements, the insurer is entitled to abate an action. *See, e.g., Boone v. SAFECO Ins. Co. of Ind.*, No. H-09-1613, 2009 WL 3063320 (S.D. Tex. Sept. 22, 2009); *Corona v. Nationwide Property and Casualty Ins. Co.*, No. H-10-1651, 2010 WL 1636119 (S.D. Tex. June 29, 2010); *In re Liberty Mutual Fire Ins. Co.*, No. 14-09-876-CV, 2010 WL 1655492 (Tex. Civ. App.-Houston [14th Dist.] Apr. 27, 2010).

Plaintiff has failed to respond.  Under Local Rule 7.4, the Court construes the motion as unopposed.  Accordingly, the Court

ORDERS that this action is hereby ABATED until the 60th day after the date notice is provided in compliance with Section 541.154 of the Texas Insurance Code.

**SIGNED** at Houston, Texas, this  1st  day of  February , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE